E-FILED
Tuesday, 11 April, 2023 06:56:02 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT A

## *NATIONAL REGISTERED AGENTS, INC.*

### *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To: Katherine James
Maclellan Integrated Services
3120 WALL ST STE 100
LEXINGTON, KY 40513-1833

SOP Transmittal # 543391254

Entity Served: MACLELLAN INTEGRATED SERVICES INC. (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of KENTUCKY on this 13 day of March, 2023. The following is a summary of the document(s) received:

1. **Title of Action:** Re: Chantell Hoye and Brett Goddard // To: MACLELLAN INTEGRATED SERVICES INC.
2. **Document(s) Served:** Other: --
3. **Court of Jurisdiction/Case Number:** None Specified
Case # 2023CH000008
4. **Amount Claimed, if any:** N/A
5. **Method of Service:** Process Server
6. **Date and Time of Receipt:** 03/13/2023 10:42:00 AM CST
7. **Appearance/Answer Date:** None Specified
8. **Received From:** None Specified
9. **Carrier Airbill #** 1ZX212780139153891
10. **Call Made to:** Not required
11. **Special Comments:**
SOP Papers with Transmittal, via UPS Next Day Air

**Registered Agent: NATIONAL REGISTERED AGENTS, INC**

888-579-0286 - Telephone

**CopiesTo:**

The information contained in this Summary Transmittal Form is provided by NRAI for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. NRAI disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

ORIGINAL



# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Mar 13, 2023
**Server Name:** Drop Service

| Entity Served | MACLELLAN INTEGRATED SERVICES INC. |
|---|---|
| Case Number | 2023CH000008 |
| Jurisdiction | KY |

| Inserts | | |
|---|---|---|
| | | |



This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br>McLean COUNTY | SUMMONS | *For Court Use Only*<br>A FEE WILL BE DUE AT THE TIME OF FILING AN APPEARANCE OR ANSWER OR AS OTHERWISE DIRECTED BY THE COURT.<br>YOUR FILING FEE WILL BE: $ 207.00 |
|---|---|---|
| **Instructions ▼**<br>Enter above the county name where the case was filed.<br>Enter your name as Plaintiff/Petitioner. | Chantell Hoye and Brett Goddard<br>**Plaintiff / Petitioner** *(First, middle, last name)*<br>v. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | MacLellan Integrated Services, Inc.<br>**Defendant / Respondent** *(First, middle, last name)* | 2023CH000008<br>**Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

**IMPORTANT INFORMATION:**

There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org.

**Plaintiff/Petitioner:**

Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent.

CAME 3/13/23 1015

*In 1a, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here.*

**1. Defendant/Respondent's address and service information:**

a. Defendant/Respondent's primary address/information for service:
Name *(First, Middle, Last)*: MacLellan Integrated Services, Inc.
Registered Agent's name, if any: National Registered Agents, Inc.
Street Address, Unit #: 306 W. Main Street, Suite 512
City, State, ZIP: Frankfort, KY 40601
Telephone: ______ Email: ______

*In 1b, enter a second address for Defendant/ Respondent, if you have one.*

b. If you have more than one address where Defendant/Respondent might be found, list that here:
Name *(First, Middle, Last)*: ______
Street Address, Unit #: ______
City, State, ZIP: ______
Telephone: ______ Email: ______

*In 1c, check how you are sending your documents to Defendant/ Respondent.*

c. Method of service on Defendant/Respondent:
☑ Sheriff ☐ Sheriff outside Illinois: ______ *County & State*
☐ Special process server ☐ Licensed private detective

Enter the Case Number given by the Circuit Clerk: ____________

| | |
|---|---|
| In **2**, enter the amount of money owed to you. | **2. Information about the lawsuit:**<br>Amount claimed: $ 50,000.00 Plus + |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3. Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*: Chantelle Hoye and Brett Goddard c/o Werman Salas P.C.<br>Street Address, Unit #: 77 W. Washington St., Ste 1402<br>City, State, ZIP: Chicago, IL 60602<br>Telephone: (312) 419-1008 Email: dwerman@flsalaw.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**.

In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*.

In **4b**, fill out:
- The court date and time the clerk gave you.
- The courtroom and address of the court building.
- The call-in or video information for remote appearances (if applicable).
- The clerk's phone number and website.

All of this information is available from the Circuit Clerk.

**4. Instructions for person receiving this *Summons* (Defendant):**

☑ a. To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:

Address: 104 W. Front Street

City, State, ZIP: Bloomington, IL 61701

☐ b. Attend court:

On: ____________ (*Date*) at ____________ (*Time*) ☐ a.m. ☐ p.m. in ____________ (*Courtroom*)

**In-person at:**

____________
*Courthouse Address* *City* *State* *ZIP*

OR

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):

By telephone: ____________
*Call-in number for telephone remote appearance*

By video conference: ____________
*Video conference website*

____________
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: (309) 434-6650 (*Circuit Clerk's phone number*) or visit their website at: www.mcleancountyil.gov (*Website*) to find out more about how to do this.

STOP! The Circuit Clerk will fill in this section.

**Witness this Date:** 3/6/2023

**Clerk of the Court:** /s/ Susan Kemper

McLEAN COUNTY CIRCUIT COURT 11th JUDICIAL CIRCUIT ILLINOIS Seal of Court

**This *Summons* must be served within 30 days of the witness date.**

STOP! The officer or process server will fill in the Date of Service.

Date of Service: ____________
*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br>McLean COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | *For Court Use Only* |
|---|---|---|

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | Chantell Hoye and Brett Goddard<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br>MacLellan Integrated Services, Inc.<br>**Defendant / Respondent** *(First, middle, last name)* | |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | **Case Number** |

****Stop. Do not complete the form. The sheriff or special process server will fill in the form.****

**My name is** C M Eaton #84 **and I state**
*First, Middle, Last*

☑ **I served the *Summons* and Complaint/Petition on the Defendant/Respondent**
National Registered Agents **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: ______ Race: ______
On this date: ______ at this time: ______ ☐ a.m. ☐ p.m.
Address, Unit#: ______
City, State, ZIP: ______

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: ______ at this time: ______ ☐ a.m. ☐ p.m.
Address, Unit#: ______
City, State, ZIP: ______
And left it with: ______
*First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: ______ Race: ______
and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on ______, 20__

☑ On the Corporation's agent, National Registered Agents
*First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: ______ Race: ______
On this date: 3/13/23 at this time: 10:15 AM ☒ a.m. ☐ p.m.
Address: 306 W. Main St #512
City, State, ZIP: Frankfort, KY 40601

Enter the Case Number given by the Circuit Clerk: _______________

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_______________
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: __________ at this time: ______ ☐ a.m. ☐ p.m.
   Address: _______________
   City, State, ZIP: _______________
   Other information about service attempt: _______________

2. On this date: __________ at this time: ______ ☐ a.m. ☐ p.m.
   Address: _______________
   City, State, ZIP: _______________
   Other information about service attempt: _______________

3. On this date: __________ at this time: ______ ☐ a.m. ☐ p.m.
   Address: _______________
   City, State, ZIP: _______________
   Other information about service attempt: _______________

DO NOT complete this section. The sheriff or private process server will complete it.

**If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.**

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:**

_______________
*Signature by:* ☐ Sheriff
☐ Sheriff outside Illinois:

_______________
*County and State*
☐ Special process server
☐ Licensed private detective

_______________
*Print Name*

**FEES**

| | |
|---|---|
| Service and Return: | $ |
| Miles ______ | $ |
| Total | $ 0.00 |

If *Summons* is served by licensed private detective or private detective agency:
License Number: _______________



Print Form Save Form Reset Form

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL DISTRICT
MCLEAN COUNTY, ILLINOIS**

| | | |
|---|---|---|
| CHANTELLE HOYE and BRETT GODDARD, on behalf of themselves and all other persons similarly situated, known and unknown | ) | Case No. 2023CH000008 |
| *Plaintiffs,* | ) | Judge Foley |
| v. | ) | |
| MACLELLAN INTEGRATED SERVICES, INC.; | ) | |
| *Defendant.* | ) | |

FILED
3/3/2023 1:21 PM
DONALD R. EVERHART, JR.
CLERK OF THE CIRCUIT COURT
MCLEAN COUNTY, ILLINOIS

**CLASS ACTION COMPLAINT**

Chantelle Hoye and Brett Goddard (collectively "Plaintiffs") file this Class Action Complaint ("Complaint") against MacLellan Integrated Services, Inc. ("Defendant") for violations of the Illinois Biometric Information Privacy Act.

**SUMMARY OF CLAIMS**

1. This class action arises from Defendant's unlawful capture of its employees' private biometric information, without informed consent, and in violation of the Illinois Biometric Information Privacy Act.

2. Rather than using traditional methods to track its employees' time, Defendant has mandated that employees have finger(s) scanned by a biometric timekeeping device when clocking in and out of work.

3. Unlike ID badge or timecards, biometrics are *unique* and *permanent* identifiers associated with each employee.

4. Capture of biometric data puts employees at risk of irreversible breaches of privacy, such as through hacks of databases containing such data. Such data breaches subject employees to potential identity theft and other improper or unlawful use of highly private unique identifiers.

5. Defendant MacLellan Integrated Services, Inc. is a company engaged in providing the corporations with which it contacts with building and dwelling services.

6. Plaintiff Hoye was hired by Defendant and placed as a custodian at Rivian Automotive, Inc. in Bloomington, Illinois, from approximately August 2021 through December 2021.

7. Plaintiff Goddard was hired and placed by Defendant as a warehouse worker at Nascote Industries, Inc. in Nashville, Illinois, from approximately November 2021 through December 2021.

8. Throughout their employment with Defendant, Defendant required Plaintiffs and other workers to use biometric time clock systems to record their time worked.

9. Defendant required Plaintiffs and other workers to scan their fingers in Defendants' biometric time clocks each time they started and finished working.

10. By requiring workers to scan their fingers to record their time, instead of identification numbers or badges only, Defendant ensured that one worker could not clock in or clock out for another.

11. Thus, there is no question that Defendant achieved a labor management benefit from using a biometric time clock.

12. But in securing this benefit for itself, Defendant also placed workers at risk by using their biometric identifiers to "punch the clock."

13. In enacting the Biometric Information Privacy Act, the Illinois legislature

recognized that biologically unique identifiers, like fingerprints, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

14. As a result, Illinois restricted private entities, like Defendant, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

15. Defendant collected, stored, used, and transferred the unique fingerprint identifiers, or information derived from those identifiers, of Plaintiffs and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

16. As a result, Defendant violated the Biometric Information Privacy Act and compromised the privacy and security of the biometric identifiers and information of Plaintiffs and other similarly situated workers.

**JURISDICTION AND VENUE**

17. This Court has personal jurisdiction over Defendant because, during the relevant time period, Defendant did business in Illinois, were registered to do business in Illinois, and committed the statutory violations alleged in this Complaint in Illinois.

18. McLean County is an appropriate venue for this litigation because, during the relevant time period, Defendant did business in McLean County and committed the alleged statutory violations in this County.

**THE PARTIES**

19. Plaintiff Hoye is a resident of Illinois and worked for Defendant in Bloomington, Illinois.

20. Plaintiff Goddard is a resident of Illinois and worked for Defendant in Nashville, Illinois.

21. Defendant is a Delaware corporation headquartered in Lexington, Kentucky and conducts substantial operations in the State of Illinois.

**REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT**

22. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

23. The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

24. Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)-(2).

25. In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it creates and follows a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

26. Finally, the Biometric Information Privacy Act prohibits a private entity from

disclosing or otherwise disseminating biometric identifiers or information without first obtaining an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d).

**BACKGROUND FACTS**

27. When Plaintiffs scanned their fingers in Defendant's biometric time clocks, Defendant captured and stored Plaintiffs' fingerprints, or personal identifying information derived from Plaintiffs' fingerprints.

28. When Plaintiffs scanned their fingers in Defendant's biometric time clocks, Defendant disclosed Plaintiffs' fingerprints – or personal identifying information derived from Plaintiffs' fingerprints – to Defendant's timekeeping vendor.

29. Before requiring Plaintiffs to use a biometric time clock, Defendant never provided Plaintiffs any written materials stating that it was collecting, retaining, or disclosing their fingerprints or personal identifying information derived from their fingerprints.

30. Before requiring Plaintiffs to use a biometric time clock, Defendant never obtained Plaintiffs' written consent, or release as a condition of employment, authorizing the collection, storage, dissemination, or use of their fingerprints or personal identifying information derived from their fingerprints.

31. Defendant violated Plaintiffs' privacy and the Illinois Biometric Privacy Act by capturing or collecting their unique biometric identifiers and information and sharing those identifiers and information with its time-keeping vendor, without their consent.

**CLASS ACTION ALLEGATIONS**

32. Plaintiffs seek to represent a class of Defendant's workers who scanned their

fingers in Defendant's biometric time clock systems in Illinois between March 3, 2018, and the present without first executing a written release ("the Class").

33. Plaintiffs and the Class are similar to one another because they were all subject to the same allegedly illegal practices: scanning their fingers in Defendant's biometric time clock system despite Defendant failing to adhere to the requirements of the Biometric Information Privacy Act.

34. The Class includes more than 50 members.

35. As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

36. The issues involved in this lawsuit present common questions of law and fact, including: whether Defendant required the Class to scan their fingers to clock in and out during shifts; whether Defendant collected the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendant complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act.

37. These common questions of law and fact predominate over variations that may exist between members of the Class, if any.

38. Plaintiffs, the members of the Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

39. If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

40. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

41. The books and records of Defendant are material to Plaintiffs' case as they disclose how and when Plaintiffs and the Class scanned their fingers in Defendant's biometric time clock systems and what information Defendant provided Plaintiffs and the Class about the collection, retention, use, and dissemination of their biometric identifiers and information.

42. Plaintiffs and their counsel will fairly and adequately protect the interests of the Class.

43. Plaintiffs retained counsel experienced in complex class action litigation.

**COUNT I**
**Violation of the Biometric Information Privacy Act (740 ILCS 14/15(b))**
**(Class Action)**

44. Plaintiffs reallege and incorporate the previous allegations of this Complaint.

45. Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

46. Plaintiffs' and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

47. Defendant has "biometric information" from Plaintiffs and the Class through its acquisition and retention of personal identifying information based on Plaintiffs and the Class's fingerprints.

48. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiffs' and the Class's biometric identifiers and biometric information without first informing them in writing that Defendant were doing so.

49. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiffs' and the Class's biometric identifiers and biometric information without first informing them in writing of the purpose of Defendant doing so and the length of time Defendant

would store and use Plaintiffs' and the Class's biometric identifiers and/or biometric information.

50. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiffs' and the Class's biometric identifiers and biometric information without first obtaining their written consent or other release authorizing Defendant to capture or collect Plaintiffs' and the Class's biometric identifiers and/or biometric information.

51. Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendant as follows:

A. Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiffs and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B. Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C. Awarding Plaintiffs' reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D. Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

**COUNT II**
**Violation of the Biometric Information Privacy Act (740 ILCS 14/15(a))**
**(Class Action)**

52. Plaintiffs reallege and incorporate the previous allegations of this Complaint.

53. Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

54. Plaintiffs' and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

55. Defendant has "biometric information" from Plaintiffs and the Class through its acquisition and retention of personal identifying information based on Plaintiffs' and the Class's fingerprints.

56. Defendant violated the Biometric Information Privacy Act by possessing Plaintiffs' and the Class's biometric identifiers and biometric information without creating and following a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric information derived from Plaintiffs' and the Class's fingerprints.

57. Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

58. As a result, Defendant's violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendant as follows:

A. Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiffs and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B. Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C. Awarding Plaintiffs' reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D. Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

**COUNT III**
**Violation of the Biometric Information Privacy Act (740 ILCS 14/15(d))**
**(Class Action)**

59. Plaintiffs reallege and incorporate the previous allegations of this Complaint.

60. Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

61. Plaintiffs' and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

62. Defendant has "biometric information" from Plaintiffs and the Class through its acquisition and retention of personal identifying information based on Plaintiffs and the Class's fingerprints.

63. Defendant violated the Biometric Information Privacy Act by disclosing or otherwise disseminating Plaintiffs' and the Class's biometric identifiers and biometric information to Defendant's time-keeping vendor without first obtaining their consent for that disclosure or dissemination.

64. Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

65. As a result, Defendant's violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendant as follows:

A. Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiffs and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B. Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C. Awarding Plaintiffs' reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D. Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

**Dated**: March 3, 2023

Respectfully submitted,

/s/Douglas M. Werman

Douglas M. Werman -ARDC# 6204740
dwerman@flsalaw.com
Michael M. Tresnowski - ARDC# 6324767
mtresnowski@flsalaw.com
**WERMAN SALAS P.C.**
77 W. Washington St., Ste 1402
Chicago, IL 60602
T: (312) 419-1008

Josh G. Konecky (jkonecky@schneiderwallace.com)*
Nathan B. Piller (npiller@schneiderwallace.com) *
Philippe M. J. Gaudard (pgaudard@schneiderwallace.com) *
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
200 Powell St., Ste 1400
Emeryville, CA 94608
T: (415) 421-7100

*Attorneys for Plaintiffs*

***Pro Hac Vice Forthcoming***

# *NATIONAL REGISTERED AGENTS, INC.*

## *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To: Katherine James
Maclellan Integrated Services
3120 WALL ST STE 100
LEXINGTON, KY 40513-1833

SOP Transmittal # 543413665

Entity Served: MACLELLAN INTEGRATED SERVICES INC. (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of KENTUCKY on this 15 day of March, 2023. The following is a summary of the document(s) received:

1. **Title of Action:** Re: Chantell Hoye and Brett Goddard // To: MACLELLAN INTEGRATED SERVICES INC.
2. **Document(s) Served:** Other: --
3. **Court of Jurisdiction/Case Number:** None Specified
Case # 2023CH000008
4. **Amount Claimed, if any:** N/A
5. **Method of Service:** Traceable Mail
6. **Date of Receipt:** 03/15/2023
7. **Appearance/Answer Date:** None Specified
8. **Received From:** None Specified
9. **Carrier Airbill #** 1ZX212780114627827
10. **Call Made to:** Not required
11. **Special Comments:**

SOP Papers with Transmittal, via UPS Next Day Air

**Registered Agent: NATIONAL REGISTERED AGENTS, INC**

888-579-0286 - Telephone

**CopiesTo:**

The information contained in this Summary Transmittal Form is provided by NRAI for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. NRAI disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

ORIGINAL

Werman Salas P.C.

77 West Washington Street, Suite 1402
Chicago, IL 60602



7019 2280 0001 7900 9540




Maclellan Integrated Services, Inc
c/o Reg. Agent-National Registerd
Agents, Inc
306 W. Main Street, Suite 512
Frankfort, KY 40601

40601$1840 C003

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL DISTRICT**
**MCLEAN COUNTY, ILLINOIS**

CHANTELLE HOYE and BRETT GODDARD, on behalf of themselves and all other persons similarly situated, known and unknown

*Plaintiffs,*

v.

MACLELLAN INTEGRATED SERVICES, INC.;

*Defendant.*

Case No. 2023CH000008

Judge Rebecca S. Foley

FILED
3/10/2023 2:22 PM
DONALD R. EVERHART, JR.
CLERK OF THE CIRCUIT COURT
MCLEAN COUNTY, ILLINOIS

**NOTICE OF HEARING**

**To:** MacLellan Integrated Services, Inc.
c/o Registered Agent: National Registered Agents Inc.
306 W. Main Street, Suite 512
Frankfort, KY 40601

Registered Agent: National Registered Agents Inc.
208 S. LaSalle St., Ste 814
Chicago, IL 60604

PLEASE TAKE NOTICE that on May 02, 2023 at 10:00 AM, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Rebecca S. Foley or any judge sitting in her stead, Virtually Via Zoom:

Meeting ID: 987 7907 7743
Password: 274407
Zoom Link: https://zoom.us/j/98779077743?pwd=Q3pySHhoNWdnQnhIS3NsOTl0Y3NvUT09

and shall then and there move the Court in accordance with the attached **PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Respectfully submitted,

Dated: March 10, 2023

*/s/Douglas M. Werman*

Douglas M. Werman – ARDC # 6204740
dwerman@flsalaw.com
Michael M. Tresnowski -ARDC # 6324767
mtresnowski@flsalaw.com
WERMAN SALAS P.C.
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
Tel.: (312) 419-1008
Fax: (312) 419-1025
***Attorneys for Plaintiff***

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL DISTRICT
MCLEAN COUNTY, ILLINOIS**

CHANTELLE HOYE and BRETT GODDARD, on behalf of themselves and all other persons similarly situated, known and unknown

*Plaintiffs,*

v.

MACLELLAN INTEGRATED SERVICES, INC.;

*Defendant.*

Case No. 2023CH000008

Judge Rebecca S. Foley

FILED
3/10/2023 12:14 PM
DONALD R. EVERHART, JR.
CLERK OF THE CIRCUIT COURT
MCLEAN COUNTY, ILLINOIS

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

This is a proposed class action lawsuit for violations of the Biometric Information Privacy Act ("the Act"). Among other things, Chantelle Hoye and Brett Goddard (Collectively, "Named Plaintiffs" or "Plaintiffs") allege that MacLellan Integrated Services, Inc. ("Defendant") violated the Act by requiring employees to scan their fingerprints in Defendant's biometric timekeeping system without their informed written consent. Class Action Complaint ("Compl.") ¶¶ 1-2, 8-12 15-16, 27-31. Plaintiffs file this Motion for Class Certification under guidance from the Illinois Supreme Court to avoid a mootness issue that may result from a tender to Named Plaintiffs. *See Barber v. Am. Airlines, Inc.*, 948 N.E.2d 1042, 1045 (Ill. 2011) ("the important consideration in determining whether a named representative's claim is moot is whether that representative filed a motion for class certification prior to the time when the defendant made its tender.") (citations omitted); *Ballard RN Ctr., Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 48 N.E.3d 1060, 1069 (Ill. 2015) ("Simply put, defendant's tender of relief, "partial" or otherwise, after plaintiff filed its class certification motion could not render moot any part of plaintiff's pending action") (footnote and citation omitted).

Named Plaintiffs move to certify the following class:[1]

> All individuals whose biometrics were captured, collected, or otherwise obtained by or on behalf of Defendant within the state of Illinois, prior to receiving notification of, and consenting to, such capture, collection, or obtaining, at any time after March 3, 2018.

Compl. ¶ 32. The proposed Class meets the requirements for class certification under 735 ILCS 5/2-801 (numerosity, commonality, adequacy, and appropriateness).

First, the Class is too numerous for joinder to be practical because it has more than 50 members. Compl. ¶¶ 34-35. As a result, the numerosity requirement in 735 ILCS 5/2-801(1) is satisfied. *Kim v. Sussman*, No. 03 CH 07663, 2004 WL 3135348, at *2 (Ill. Cir. Ct. Oct. 19, 2004) ("Although there is no bright line test to determine numerosity, the Illinois courts generally follow the reasoning that greater than 40 parties satisfies numerosity, but less than 25 people is insufficient." (citation omitted).

Second, there are common questions of law or fact that predominate over questions affecting only individual members, including: whether Defendant required the Class to scan their fingers to clock in and out during shifts; whether Defendant collected the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; whether Defendant complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the BIPA; whether Defendant's violations of the BIPA are willful, reckless, or negligent; and whether Named Plaintiffs and the Class are entitled to damages and injunctive relief. Compl. ¶¶ 36-37. These uniform factual and legal determinations satisfy 735 ILCS 5/2-801(2). *See Ramirez v. Midway*

---

[1] Named Plaintiffs reserve the right to amend this class definition and supplement this motion based on information obtained in discovery.

*Moving & Storage, Inc.*, 880 N.E.2d 653, 658 (Ill. App. 1st Dist. 2007) (common questions of law and fact predominate where the potential class challenged the defendant's "uniform policy.").

Third, Named Plaintiffs will fairly and adequately protect the interests of the Class because their claims are coextensive with those of the Class, they have no interests antagonistic to the Class, and they are not subject to unique defenses. Compl. ¶ 42. *See Walczak v. Onyx Acceptance Corp.*, 850 N.E.2d 357, 371 (Ill. App. 2d Dist. 2006) (finding adequacy requirement in 735 ILCS 5/2-801(3) satisfied where "plaintiffs [were] in the same position as all putative class members").

Finally, a class action is an appropriate method for the fair and efficient adjudication of this controversy because the lawsuit alleges that Defendant's common practices toward its employees violated the Act. "Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled as well." Compl. ¶ 40.

WHEREFORE, for the foregoing reasons, Named Plaintiffs requests that the Court:

A. Enter and continue this motion and enter an order allowing expedited limited class certification discovery;

B. Set a schedule for Named Plaintiffs to file supplemental evidentiary materials and a supporting memorandum of law; and

C. Such other relief as this Court deems appropriate under the circumstances.

**Dated:** March 10, 2023

Respectfully submitted,

*s/Douglas M. Werman*
Douglas M. Werman – ARDC# 6204740
dwerman@flsalaw.com
Michael M. Tresnowski ARDC# 6324767
mtresnowski@flsalaw.com
**WERMAN SALAS P.C.**
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
Tel.: (312) 419-1008

Josh G. Konecky
(jkonecky@schneiderwallace.com)*
Nathan B. Piller
(npiller@schneiderwallace.com) *
Philippe M. J. Gaudard
(pgaudard@schneiderwallace.com) *
**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
200 Powell St., Ste 1400
Emeryville, CA 94608
T: (415) 421-7100

***Pro Hac Vice Forthcoming**

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2023 I electronically filed the foregoing **PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** with the Clerk of Court using electronic service provider Odyssey eFIleIL. I hereby certify that I mailed a copy of this motion along with its Notice of Hearing to Defendant's registered agent:

MacLellan Integrated Services, Inc.
c/o Registered Agent: National Registered Agents Inc.
208 S. LaSalle St., Ste 814
Chicago, IL 60604

Registered Agent: National Registered Agents Inc.
306 W. Main Street, Suite 512
Frankfort, KY 40601

*/s/Maria Reyes*
**Paralegal**

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

**STATE OF ILLINOIS, CIRCUIT COURT**

McLean **COUNTY**

# APPEARANCE

*For Court Use Only*

FILED
3/3/2023 1:21 PM
DONALD R. EVERHART, JR.
CLERK OF THE CIRCUIT COURT
MCLEAN COUNTY, ILLINOIS

**Instructions ▼**

Directly above, enter the name of the county where the case was filed.

Enter the name of the person or company that filed this case as Plaintiff/Petitioner.

Enter the name of the Defendant/Respondent.

Enter the Case Number given by the Circuit Clerk.

Chantelle Hoye and Brett Goddard
**Plaintiff / Petitioner** *(First, middle, last name or Company)*

v.

MacLellan Integrated Services, Inc.
**Defendant / Respondent** *(First, middle, last name)*

2023CH000008
**Case Number**

In 1, check the box next to "Myself," if you are not an attorney. If you are an attorney, enter the name of your client in 1, check the box next to "Their attorney," and enter your attorney or firm name in the blank.

**1. The appearance of** Chantelle Hoye & Brett Goddard **is entered in this case by:**
*First Middle Last*

☐ Myself
☑ Their attorney: Werman Salas P.C.
*Attorney or Firm Name*

**2. I would like a trial with** *(check only one; you do not have a right to jury trial in every case)*:
☑ a judge ☐ a judge and a 6-person jury ☐ a judge and a 12-person jury

**IMPORTANT:** If you are requesting a trial by jury and e-filing the form, you may need to e-file this form two separate times, once as an Appearance and once as a Jury Demand. Check with Illinois Court Help at ilcourthelp.gov or call (833) 411-1121. You can also check with your local Circuit Clerk's office.

Under Illinois Supreme Court Rule 137, your signature means that you have read the document, that to the best of your belief, it is true and correct and that you are not filing it for an improper purpose, such as to cause delay.

If you are completing this form on a computer, sign your name by typing it. If you are completing it by hand, sign and print your name.

Enter your complete address, telephone number, and email address, if you have one.

If you are an attorney, enter your firm name and attorney number.

/s/ Douglas M. Werman
*Your Signature*

77 W. Washington St., Suite 1402
*Street Address*

Douglas M. Werman
*Your Name*

Chicago, IL 60602
*City, State, ZIP*

(312) 419-1008
*Telephone*

dwerman@flsalaw.com
*Email*

Werman Salas P.C.
*Firm Name (if any)*

6204740
*Attorney # (if any)*

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

Enter the Case Number given by the Circuit Clerk:________________

## PROOF OF DELIVERY

In **1a**, enter the name, mailing address, and email address of the party you are sending the document to. If they have a lawyer, you **must** enter the lawyer's information.

In **1b**, check the box to show how you are sending the document.

**CAUTION:** If you and the person you are sending the document to have an email address, you **must** use one of the first two options. Otherwise, you may use one of the other options.

In **c**, fill in the date and time that you are sending the document.

**1.** I am sending the *Appearance*

a. To:

Name: MacLellan Integrated Services Inc. c/o National Registerred Agents, Inc.
*First Middle Last*

Address: 306 W. Main Street, Suite 512, Frankfort, KY 40601
*Street, Apt # City State ZIP*

Email address: ________________

b. By:

☐ An approved electronic filing service provider (EFSP)

☐ Email *(not through an EFSP)*

*Only use one of the methods below if you do not have an email address, or the person you are sending the document to does not have an email address.*

☐ Personal hand delivery to:

- ☐ The party
- ☐ The party's family member who is 13 or older, at the party's residence
- ☐ The party's lawyer
- ☐ The party's lawyer's office

☑ Mail or third-party carrier

c. On: 03/03/2023 at: 5:00 ☐ a.m. ☑ p.m.
*Date Time*

In **2**, if you are sending the document to more than 1 party or lawyer, fill in **a**, **b**, and **c**. Otherwise leave **2** blank.

In **2a**, enter the name, mailing address, and email address of the party you are sending the document to. If they have a lawyer, you **must** enter the lawyer's information.

In **2b**, check the box to show how you are sending the document.

**CAUTION:** If you and the person you are sending the document to have an email address, you **must** use one of the first two options. Otherwise, you may use one of the

In **c**, fill in the date and time that you are sending the document.

**2.** I am sending the *Appearance*

a. To:

Name: ________________
*First Middle Last*

Address: ________________
*Street, Apt # City State ZIP*

Email address: ________________

b. By:

☐ An approved electronic filing service provider (EFSP)

☐ Email *(not through an EFSP)*

*Only use one of the methods below if you do not have an email address, or the person you are sending the document to does not have an email address.*

☐ Personal hand delivery to:

- ☐ The party
- ☐ The party's family member who is 13 or older, at the party's residence
- ☐ The party's lawyer
- ☐ The party's lawyer's office

☐ Mail or third-party carrier

c. On: ________ at: ________ ☐ a.m. ☐ p.m.
*Date Time*

Enter the Case Number given by the Circuit Clerk:_______________

If you are sending your document to more than 2 parties or lawyers, check the box and file the *Additional Proof of Delivery* with this form.

☑ I have completed an *Additional Proof of Delivery* form.

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**I certify that everything in the *Proof of Delivery* is true and correct. I understand that a false statement on this form is perjury and has penalties provided by law under 735 ILCS 5/1-109.**

If you are completing this form on a computer, sign your name by typing it. If you are completing it by hand, sign and print your name.

Enter your complete address, telephone number, and email address, if you have one.

| | |
|---|---|
| /s/ Douglas M. Werman<br>*Your Signature* | 77 W. Washington St., Ste 1402<br>*Street Address* |
| Douglas M. Werman<br>*Print Your Name* | Chicago, IL 60602<br>*City, State, ZIP* |
| (312) 419-1008<br>*Telephone* | dwerman@flsalaw.com<br>*Email* |
| Werman Salas P.C.<br>*Firm Name (if any)* | 6204740<br>*Attorney # (if any)* |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.



Print Form Save Form Reset Form